**In re GUARDIANSHIP OF J.L.N., et al., Appellants.**

**In re ESTATE OF Onita SHEFFIELD, Appellant.**

**Nos. 87–988, 87–1264.**

District of Columbia Court of Appeals.

Argued Jan. 10, 1989.

Decided May 9, 1989.

Laurack D. Bray, for appellants.

Mary L. Wilson, Asst. Corp. Counsel, with whom Frederick D. Cooke, Jr., Corp.

Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D.C., were on the brief, for appellee.

Before ROGERS, Chief Judge, and BELSON and STEADMAN, Associate Judges.

BELSON, Associate Judge:

In these consolidated appeals, appellant Alice Sheffield challenges three determinations made by the Probate Division of D.C. Superior Court in the course of probating the estate of her daughter, Onita Sheffield, who died intestate. In the challenged rulings, the court (1) declined to appoint appellant guardian of the person for one of her eight minor grandchildren because the child had a surviving parent; (2) conditioned appellant's appointment as guardian of the estate for all eight of her minor grandchildren on her posting the bond required by D.C.Code § 21–115 (1981), and (3) declined to "waive" the costs of notice publication required by D.C.Code § 20–704 (1981). We hold that appellant is not entitled to relief on these appeals in any of the three matters she raises, as each is either moot or not appealable at this time.

■ The probate court appointed appellant guardian of the person for all of her eight grandchildren save J.L.N., whose father was known and survived the mother.[1] Appellant argues on appeal that the Probate Division should have assumed jurisdiction over the matter, overlooked the statutory presumption in favor of a surviving parent, and appointed her guardian of the person for this grandchild as well as the others. The record indicates that the Register of Wills questioned the "authority" of the Probate Division to appoint a guardian of the person and suggested a separate proceeding in the Family Division. This issue is now moot as the father of J.L.N. has consented by affidavit to appellant's appointment as guardian of the person for his son[2] and, according to appellant's counsel, the probate court has indicated a willingness to consider this matter. Under these circumstances, there is no need for this court to resolve the issue of J.'s custody or the jurisdiction of the Probate Division to appoint a guardian of the person under § 21–101(b) (1981). *See Andrade v. Jackson*, 401 A.2d 990, 992 (D.C.1979) (pursuant to Court Reform Act, each division of Superior Court can act for the court as it has general jurisdiction; division in which action is commenced can adjudicate all phases of action, although it is sometimes preferable to certify particular matters to the division that normally handles such matters).

■ On the question of the bond that the trial court set as a condition of the appointment of appellant as guardian of the estate, *see* D.C.Code § 21–115 (1981), it is significant that there is no need for appellant to function in that capacity unless and until there are some assets in the estate of her daughter. At present there are none, and the only potential assets are any awards that may result from wrongful death and survival actions that have been filed as a result of the daughter's death and the events that preceded it. Under the applicable statute, a guardian of the estate must file a bond to secure the faithful performance of her obligations before taking possession of or interfering with the assets in the estate. D.C.Code § 21–115 (1981). The trial court's conditional order does not at this time foreclose appellant from performing any of the duties of a guardian of the estate, as there are as yet none to perform, and entitles her to assume that role when she meets the bond require-

1. Six of the children were by a deceased father; the youngest, S.A.S., had an unknown father. Accordingly, there was no presumptive guardian of the person for these seven children upon their mother's death. D.C.Code § 21–101(a) (1981).

2. There is no evidence on the record of this consent; however, appellant's counsel informed the court of it in his brief and at oral argument. The Probate Division has also been informed, according to counsel.

ment. It may well be that at such time as the appellant will actually be called upon to act as guardian of the children's estates, the money to pay the bond premium will be available to her. Under the circumstances, appellate consideration of the trial court ruling declining to relieve appellant of the bond requirement [3] is premature. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) (generally no appeal from nonfinal orders); *see, e.g., United States v. Harrod,* 428 A.2d 30, 32 (D.C.1981); *cf. United States v. Perkins,* 140 U.S.App.D.C. 76, 433 F.2d 1182 (1970).

As to the costs of publishing notice of appellant's appointment as personal representative of the estate of her daughter, we are persuaded that under the circumstances of this case the trial court's refusal to "waive" those costs or, in effect, to assume appellant's responsibility to pay, is an interlocutory matter which, like the ruling on the execution of a bond, is not appealable under *Cohen, supra.* Appellant had already completed the publication of notices to creditors and unknown heirs in two local newspapers when she petitioned the court to waive the costs of publication because she sought *in forma pauperis* status. Administration of the estate of her daughter, of which appellant was appointed personal representative, was already underway. Appellant had posted the requisite bond. Counsel advised this court at oral argument that wrongful death and survival actions have already been filed on behalf of the intestate Onita Sheffield and her heirs. The resolution of the main action may resolve this issue as well, as a plaintiff's verdict would generate sufficient assets to the estate for appellant to satisfy any obligation of payment incurred in her representative capacity. There is no indication that any consideration is being given by the trial court to vacating appellant's appointment as personal representative as a result of appellant's outstanding obligations to the newspapers.

For the foregoing reasons, we dismiss as moot the appeal concerning the appointment of appellant as guardian of the person of J.L.N., and dismiss as premature the interlocutory appeal concerning the "waiver" of the cost of publication and the execution of a bond by appellant as guardian of the estate of her eight grandchildren.

*So ordered.*

3. See D.C.Code §§ 15–705, –712 (1981).